IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE B. WILLIAMS,

                                                OPINION & ORDER

                Plaintiff,

v.                                                 15-cv-170-jdp

WARDEN MIKE DITTMANN,

                Defendant.

---

      Plaintiff Clyde B. Williams is a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution. He has filed a document styled as a civil complaint under 42 U.S.C. § 1983 in which he seems to be saying that he is falsely imprisoned. He seeks leave to proceed *in forma pauperis* and has paid the initial partial payment of the filing fee as previously directed by the court.

      The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

      Plaintiff's complaint is very difficult to understand because it is filled with citations to legal authorities without clearly and simply stating how his rights have been violated. He has also filed a motion for summary judgment that adds little clarity to his claims. Dkt. 7. Given the information I can glean from his filings and online state of Wisconsin records, this case cannot move forward without further clarification from plaintiff.

Plaintiff seems to be saying that he was actually acquitted and ordered to be released from prison, but that he is being falsely imprisoned. He requests release from prison. He also seeks compensatory and punitive damages. However, he cannot bring claims for both damages and release from prison in the same case. Plaintiff's challenge to his confinement cannot be brought in a § 1983 action. Rather, such a challenge must be brought in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff remains free to file a separate habeas corpus action, but I will not consider his requests for release in the context of this lawsuit.

Claims for money damages can be brought in a § 1983 action. But it seems likely that I will have to dismiss plaintiff's claims because it appears that plaintiff is still incarcerated under at least two judgments of conviction, which he mentions in his submissions, Racine County case nos. 1996CF000826 and 2000CF000558. To recover damages for "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If the convictions plaintiff challenges are still valid convictions, meaning that they have *not* been overturned, he will not be able to proceed on claims for wrongful incarceration.

I am reluctant to dismiss the case outright under *Heck* in case I have somehow misunderstood the gist of plaintiff's complaint. Instead, I will dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to

2

include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). I will give plaintiff a chance to file an amended complaint explaining his claims for money damages. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply explain what conviction or length of sentence he believes is invalid and why he thinks this is so, taking care to explain whether any of his convictions or sentences have been dismissed or amended.

I will deny plaintiff's motion for summary judgment without prejudice because it is premature for him to file such a motion. Should he amend his complaint in a way that allows him to proceed with any claim, the court will instruct him further on the procedures to follow when filing a motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Clyde B. Williams's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until July 27, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

2.	Plaintiff's motion for summary judgment, Dkt. 7, is DENIED.

Entered July 6, 2015.

>	BY THE COURT:
>
>	/s/
>
>	_____
>	JAMES D. PETERSON
>	District Judge