IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE B. WILLIAMS,

                Plaintiff,

  v.

WARDEN MIKE DITTMANN,

                Defendant.

OPINION & ORDER

15-cv-170-jdp

---

      Plaintiff Clyde B. Williams is a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution. He seeks money damages for being falsely imprisoned for first-degree sexual assault of a child.

      I dismissed plaintiff's original complaint under Federal Rule of Civil Procedure 8, explaining that plaintiff could not bring false imprisonment claims in this court unless he could show that the convictions he challenges have been overturned or expunged, and giving him another chance to explain whether this was the case. Dkt. 10, at 2-3 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

      Plaintiff has filed an amended complaint, which, like his original complaint, is difficult to follow. But he has made clear that he believes that his current convictions in Racine County case nos. 96CF826 and 00CF558 are invalid. As I instructed him in my previous order, this court cannot hear challenges to a conviction or sentence in a civil lawsuit for damages. The proper way to challenge his convictions would be in a habeas corpus action, but he has already brought an unsuccessful habeas case regarding these convictions. *See Williams v. Bartow*, 491 F.3d 611, 612 (7th Cir. 2007). Any new habeas petition he filed would almost certainly be barred as successive.

Plaintiff also argues that he has received a judgment of acquittal. He attaches a copy of a judgment in case no. 00CF558 stating that two counts of child enticement against him were dismissed. Dkt. 11-1. That judgment unfortunately includes the boilerplate statement that "defendant is discharged," which may be a source of confusion for plaintiff. From the online records of his criminal cases, his direct appeal, and his habeas action, it is clear that this judgment was issued at the same time as a separate judgment of conviction for first-degree sexual assault. He remains incarcerated on the convictions for the first-degree sexual assault charges, not any charges that were dismissed. Because plaintiff fails to show that his convictions have been overturned. I will dismiss this case as barred by *Heck*.

ORDER

IT IS ORDERED that this case is DISMISSED under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered February 5, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge