
*U.S Court of appeals For The Seventh Circuit 219 Dearborn st Chicago*

```
U.S.C.A. -7th Circuit
R E C E I V E D
MAR 03 2016
GINO J. AGNELLO
    CLERK
```

CLYDE B. WILLIAMS
    Plaintiff(s),

v. #5

Warden mike Dittmann,
    Defendant(s).

APPEAL TAKEN FORM THE UNITED
STATES DISTRICT COURT WESTERN
DISTRICT OF WISCONSIN Case No.
<u>15 C 170 jbp</u>

Mr. Clyde B. williams
C.C.I.#022193 HU-6
P.O.Box 900 Room #29
Portage, Wis, 53901

Circuit Court
Clerk Rose Lee
730 Wisconsin Avenue
Racine, WI. 53403

Case No. 96-CF-826 - Dismissal
Case No. 20-Cf-710 - Acquittal
Case No. 00-CF-558 - Acquittal

<u>JURISDICTION STATEMENT: IS ON A FINAL DECISION: 28 U.S.C.S.§1291
(515 F.3d 1,3)</u>

Grounds: CIVIL RIGHTS ACT, 42 U.S.C.$1983 < Under The United States -
Constitution Amendments: 5th, 6th, 7th, 8th, 9th, 13th, 14th, 15th, 19th, And
WILLIAMS' is Pleading A JUDGMENT Wis, Stat.§971.28 See, EXHIBIT-13 this is
A Judgment OF <u>ACQUITTAL</u> under Wis. Stat§.972.13(6) This Ciruit-Court Decree
Is Virtually Identical to the Fed.R.29 (A) (B) & (C) - <u>ACQUITTAL</u> crim Law.

1. <u>Purpose OF Appeal</u>:
   Is The Vindicate of Williams' Fraudulent-Imprisonment Claim: **Taylor v.
   U.S., Prob Office, 409 F.3d 426, 428-29 (D.C.cir.2005)** Reversing, dismissal
   For failure to state claim, because district court erroneously -
   Concluded inmate's suit was barred by favorable ("Heck") termination
   Rule., and that Rule dose not Applied because Williams' IS: PLEADING
   A JUDGMENT See Wis.stat.§**971.28** Also @ Wis.Stat.§806.01(A)(B)(C) 1989-
   1990 stat.Book-5 Page #4376

2. <u>Controlling Authority Review OF Evidence</u>:
   **Evans v. Michigan, 133 S.Ct.1069** Cited At [6] Our cases defined an
   Acquittal to encompass [*1075] Any rulibg that the Prosecution's proof
   Is insufficient to establish criminal liability for an offense.
   Thus this factual finding appear in the Record at: see EXHIBIT-ACQ
   Here the Transcript show: **Motion §972.10(4)** Was Granted; Also see
   **EXHIBIT-G1** Here the Judge said: He did feel there was Enough evidence
   Also see EXHIBIT-2 Here the Judge said: Williams was incarcerated at
   The time of the offense & see EXHIBIT-AA Here Williams' can show he
   Was in Prison on **June 7, 1990** When charges in this <u>NO.00-CF-558</u> was file

3. <u>RELIEF SOUGHT</u>:
   Williams' Discharge Motion Should be Immedtely [Granted] under **Cody v.
   Henderson, 936 F.2d 715, 720-21 (2d cir.1991)**: "Egregion" Cases Williams'
   Case is ["Egregion"] because Williams Was ordered Discharge on 09/14/2001
   Also Williams' Seek 100-Thousands-Millions U.S.$.dollars each day of
   Each day of FRAUDULENT IMPRISONMENT; Fraudulent because see<u>EXHIBIT-13</u>
   **Crawford-El v. Britton, 523 U.S.574, 590-91 (1998)**: Officials are held be
   Aware of the ["Laws"] Governing their Conduct. Also Williams' motion
   For A Relation Back in (113 fed.appx, 709) 122 S.Ct.1145)(2012 U.S.Dist
   Lexis 77905 supplemented permission amended Relation Back Rule 15 (c).
   Prejudice 28 U.S.C.§455(A); Judge Bias: 28 U.S.§144; Williams' Case is
   A MISCARRIAGE OF JUSTICE.

*Mr. Clyde B. Williams*     1     Date: MARCH 01, 2016

## STATEMENT OF FACTS: 7th Cir.R.28(c)

Heck v.Humphrey,512 U.S.477,486-87,490(1994) dose not apply; Because Williams' is: **Pleading A Judgment**, See EXHIBIT-13 & EXHIBIT-CA-1 Prove's Conviction was already set Aside & Invalid and the Citing: (2000 WI App 162) ID.At,[P.19] A Discharge date signals the end of A Criminal sentence, Inmate should be released from custody, the DOC's Authority over thet person Has ceased.

Williams' is Pleading Judgment Under **Wis.Stat §972.13(6)** In Pleading **Wis.Stat §971.28**: A Judgment or other Determination of Proceeding before Any Court or Officer, it SHALL Note# that the word (SHALL IS Mandatory Language when it appeal in statute cited by-(Carson,2015 WI 15) shall be Sufficient to state that the judgment or determination was duly rendered Or made or the Proceedinging duly had.

Williams" has been Issuance A Judgment OF Acquittal Certificate Document Mark- EXHIBIT-13 This Application of statutes Requires that ■ We FAITHFULLY Give Effect to the Laws enacted by the Legislature. Kalal v. Court,2004 WI-58,P44,271 Wis.2d 633,662,681 N.W.2d 110,123-124("it is the enacted Law, Not the unenacted Law & So **Case No.00-CF-558** The penal statute is under The unenacted Law **Wi.Stat.§948.02(1)** this is A Violation of the holding: In-**Miller v.Florida,482 U.S.423(1987)** & Also see Ross,412 F.3d 771,774(7th Cir.2005) & Rosin,892 F.2d,649,651 N.1(7th Cir.1990) Also see:

Plyler v.Moore,129 F.3d 728,735(4th cir 1997) EX POST FACTO violation by Amendment that unquestionably "Resulted in increasing inmate sentences Williams' has A 100-Years Sentences. Williams' Is Concern that no judge Will ever be FAITHFUL TO THE LAW in Williams' Case so williams' think The Judges are going to murder him with a unlawfully 100-years Prison Sentence

### In A Jury Trial

The Primary finders of fact are the jurors. their overrig resposibility IS To Stand between The Accused & A Potentially Arbitrary OR Abusive Government that is in Command of The Criminal Sanction. For This Reason, See WI. Stat § 903.03 (2) A Trial Is Prohibited from entering A Judgment of Conviction OR Directing The Jury To Come Forward With Such A Verdict.

Sparf, 156 U.S. 51, 105 (1895), [*573] Carpenters, 330 U.S. 395, 408 Regardless of how whelmingly the evidence may point in That Direction, The Trial Judge is Thereby barred from Attempting To Override or Interfere With The Jurors' Indendent Judom. A Manner Contrary To The Interests of The Accused. The Judge Violated This Law of Substantive Due Process Also See Muentner, 138 Wis.2d 374 (1987) The Judge Violated This by Entering A Judgment of Conviction. Johns, 96 Wis.2d 183, 194

2

## Statement of Claim

Warden Mike Dittmann Is Being Sued in his Individually And in his Official Capacity To Redress The deprivation, of State Laws, of Right Secured by The Constitution of The United States For Acted under The Color of Law

Responden Is Legally Responsible For The welfare of All The Inmates At C.C.I. Relevant To This Complaint Is A Circuit Court Order, mark* <u>Exhibit-13</u> Judgment of Dismissal/Acquittal under <u>Wis. Stat. §972.13.(6*)</u> This Stat Is A Order For

Williams' To Discharged. Because: <u>it's says it is ORDERED The defendant is discharged + And Any Bond Posted not Otherwise Forfeited is To be Retured.</u> By The Court: Date. Sep 14, 2001

Now This Is The Reason Why The Wardens Is Being Sued: The Warden Said He have not Receive Exhibit-13 See the Warden Letter.* mark Exhibit-W Date. 01/20/2015 Williams' have 13- Complaints of: Fraudulent-Imprisonment On File Here At C.C.I

So The Warden Letter - Exhibit-W Show deliberately Indifferent To Repeated Violations of Williams Clearly Estabished Rights: That The DOC fail [ed] To Maintain Accurate Records [**31] Cited by [2014 WI. 19]

Mr. Clyde B. Williams            3.            Date. 03/01/2016

Williams has a Right: Wis Administrative Code, The To DOC To Maintain Accurate Records + The Policy DOC 310.01 (G) To Correct Any Errors + Deficiencies In Correctional Policy Through Questioning Review Doc 303.82 (d) Warden decision Here The

Warden decision Show: Citing Helling 509 U.S. At. 35-36 A determination of Deliberate Indifference Id At. Exhibit-W The Warden Said: I Trust This Addresses Your Concerns + This Issue Will not be Addressed Further Williams has a Court Order To be Discharged under

Wis. Stat. § 972.13 (6) Date of Discharge (Sep 14, 2001) Williams' Assert his Right is Clearly Established Law See: DAI Policy #302.001 F. Upon Receiving A Court Order Releasing The Inmate, The department "SHALL" Release The Inmate within - 6 working days

As defined In § 227.01 (14) + As Computed in § 990.001 Refer To Records Office Procedure 045 The Honorable District Judge James D. Peterson Said: The Word [Discharge] Is The Course of Some Confusion. In Reply To The Presiding: ~~See ¶s. ~~

Judge The Honorable Peterson: See Wis. Stat § 968.205 (6. Preservation of Certain Evidence Discharge "date" means The date on which A Person Is Released or Discharged From Custody that Resulted From A Criminal Action.

Mr. Clyde B. Williams    4    Date. 03/01/2016

Williams' has Presented:

Substantial Evidence of Prima Facie That Is under Wis. Stat § 889.08 Certification Presumption Evidence And The District Judge Never Rule on The See The Evidence Mark* Exhibit CA-1 This Evidence Show That The Court:

of Appeals Lacks Jurisdiction over Over The Appeal See Guy, 140 F.3d 735, 736 (7th Cir. 1998) Appellate Jurisdiction barred Because Notice of Appeal was Untimely Fed. R. App. P. 4 (b)(3)(A) Also Hirsch, 207 F.3d 928, 930-31 (7th Cir. 2000) Also See Berman 378 U.S. 53-530-31 (1964) + Dumas, 94 F.3d 286, 289 (7th Cir. 1996)

Case No. 00-CF-558 Is Controlled only by Wis. Stat 1990-Law See Wis. Stat § 88.38 (2) The Law That Was in Effect At The Time Also See Wis. Stat § 990.04 Preserve All Right which may have Arisen before The Repeal of A Statute, Waddell, 271 Wis. 2d 176 And See Wis. Stat. § 939.10 Provides That only Those Acts Which Are Made Crimes by Statutes Constitute Crimes.

Williams' has Assert There is A Invalidated of Conviction On The Grounds of Affirmative Defenece under Wis Stat. § 939.74 (1) + The District Judge Just Ignore This Evidence.. That: Heck v. Humphrey, 512 U.S. 477 486-87 (1994) Do not Apply To Due Process Claim

See, Van de Kamp v. Goldstein, 555 U.S. 335-348-49 (2009) Also See Buckley v. Fitzsimmons, 113 S.Ct. 2606 (1993) Williams' has been Railroaded by Fabricating Evidence

Mr. Clyde B. Williams          5.          Date, 03/01/2016

# Showing A Pattern of Violating:

A Practice of 42 U.S.C. § 14141(A) it Shall be unlawful for Any Governmental Autority To Engage In A OF Conduct [***102] by-(131 S.Ct. 1350) by Law Enforcement Officers That deprives Persons of Rights it's

Protected by The Constitution 15 U.S.C. § 6104(A) Williams' Is Adverely Affected by A Pattern For 18-Years of Fraudulent-Imprisonment. Fraudulent Because: Williams' have Been Issuance A Certified Acquittal + Every Judge that See it Play They don't understand it.

The Judges Play Like, They do not understand: Wis. Stat § 972.13(6) Is A Circuit Court Decree-For A Judgment of Acquittal The Judges only See The Fabrication of the Prosecutor never dismiss Any Charges.. Like it Appear He Is Saying on The Face of Exhibit-13 /er motion

This Statement Is Fraud Because look at Jury Verdict You'll See The Same Charges under /er Motion And Wis. Stat § 970.03(10) Any Count Ordered dismissed "SHALL" not be The basis For A Count in Any Information Filed Pursuant To ch. 971 Sec § 970.04 "SHALL" Apply To Any dismissed Count.

Williams' Assert The word ["SHALL"] When it Appear In Statute it's Mandatory See' Cooke, 131 S.Ct. 859, 862 (2011) The Fraud Is: These Charges Are dismissed under Wis. Stat § 972.10(4) Order of Trial: At The Close of The State's Case + At The Conclusion of The entire Case The defendant MAY move on The Record For A dismissal

6

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
OFFICE OF THE CLERK
219 SOUTH DEARBORN STREET
SUITE: 2722
CHICAGO, ILLINOIS  60604

Dear Appeals Deputy,

I am enclosing a notice of appeal that was received by this court on March 3, 2016. I am enclosing this document for proper filing with your court. Please file the notice of appeal using our received stamp date pursuant to F.R.A.P. 4(d). Please make up and send us a short record in this case.

If you have already received this notice of appeal, please disregard this document.

Sincerely,

Pro Se Clerk

Mr. Clyde B. Williams #022193
C.C.I. Hu-6 Room #29
P.O. Box 900
Portage, Wis. 53901

MINNEAPOLIS MN 553
25 FEB 2016 PM 3 L

United State Court of
Appeals For The Seventh
Circuit 219 S. Dearborn St,
Chicago, IL. 60604-1874